UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES DISTRICT COUNCIL NO. 21 HEALTH AND WELFARE FUND 2980 Southampton-Byberry Road Philadelphia, PA 19154** *et al.*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**ZMS ARCHITECTURAL METAL AND GLASS, LLC 142 FRANKLIN STREET ELMWOOD PARK, NJ 07407,**<br><br>**Defendant.** | Civ. No. 2:16-01213 (WJM)<br><br>**OPINION** |

**THIS MATTER** comes before the Court on Plaintiffs' motion for default judgment made pursuant to Federal Rule of Civil Procedure 55(b). For the reasons that follow, the motion will be **GRANTED**.

**I.   BACKGROUND**

This case arises out of an employer's alleged failure to pay contributions to certain employee benefits plans that were established under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3). Those benefits plans (hereinafter, "the Plaintiff Funds")[1] are named as Plaintiffs in this action. *See* Complt. at ¶ 1. Defendant

---

[1] The group of Plaintiffs in this case also includes Joseph Ashdale, who acts as a fiduciary on behalf of the funds at issue. *See* 29 U.S.C. § 1002(21)(A).

ZMS Architectural Metal & Gas, LLC (hereinafter, "ZMS") entered into a collective bargaining agreement (hereinafter, "the CBA") with Plaintiff International Union of Painters and Allied Trade District Council No. 21 (hereinafter, "Plaintiff Union"). *See id.* at ¶ 9. The CBA required ZMS to make contributions to the Plaintiff Funds. *Id.* at ¶ 10. Pursuant to the terms of the CBA, and through an independent auditor, the Plaintiff Funds performed an audit, which revealed that ZMS failed to make the appropriate benefit contributions between December 1, 2012 and June 30, 2013. *See id.* at ¶¶ 12-13. Despite being notified of its delinquencies, ZMS has failed to make appropriate payments as required by contract. *See id.* at ¶ 15.

ZMS was served with the Complaint on March 23, 2016. ECF No. 4. The time for ZMS to answer or otherwise respond to the Complaint expired. *See* Fed. R. Civ. P. 12(a). To date, ZMS has failed to answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a default against ZMS on April 14, 2016. Plaintiff served ZMS with notice of their motion for default judgment on June 8, 2016, and filed the motion on June 9, 2016. ECF No. 8. No opposition has been filed.

**II.   DISCUSSION**

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

Plaintiffs in this case are entitled to default judgment. First, ZMS does not have a meritorious defense to Plaintiffs' claims. The record shows that ZMS was required to make contributions to the Plaintiff Funds in a timely manner. The audit report attached to the Complaint shows that ZMS has failed to make those contributions from December 1, 2012 through June 30, 2013. Indeed, the audit report reveals that ZMS owes $19,454.22 in principal contributions. In addition, the applicable delinquency policy – which is attached to the motion for default judgment – entitles Plaintiffs to pre-judgment interest in the amount of $2,246.30. Under ERISA, Plaintiffs are also entitled to attorneys' fees and costs, which amount to $13,346.06,[2] as well as liquidated damages due from the audit, which amount to $3,890.84. *See* 29 U.S.C. § 1132(g). The Court cannot see how ZMS could wage a meritorious defense against Plaintiffs' claim to those amounts.

Second, Plaintiffs have undoubtedly suffered prejudice due to ZMS' non-responsiveness. As discussed above, Plaintiffs are contractually entitled to contributions from ZMS. In the absence of a default judgment, Plaintiffs will have no means to collect those contributions. Consequently, the second factor weighs in favor of granting Plaintiffs' motion.

Third, ZMS is the culpable party. Indeed, because ZMS has failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011). Having found nothing on the record rebutting that presumption, the Court finds that the

---

[2] This figure includes the cost of conducting the audit.

third factor weighs in favor of default judgment. Consequently, the Court will grant Plaintiffs' motion.

### III.    DISCUSSION

For the foregoing reasons, Plaintiffs' motion for default judgment is **GRANTED**.

/s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**August 16th, 2016**